

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

**EXHIBITS FOR PETITION FOR A WRIT OF HABEAS CORPUS**

September 26, 2018 - Judgment                                    3

MA DOR Final Determination of Delinquency                      13

June 13, 2019 - Judgment                                       14

June 25, 2019 - Notice of Appeal                               18

August 8, 2019 - Court Order                                   19

October 21, 2019 - Judgment                                    21

November 7, 2019 - Notice of Appeal                            23

December 6, 2019 - Judgment                                    24

January 6, 2020 - Court Order                                  26

January 7, 2020 - Notice of Appeal                             28

February 12, 2020 - Notice of Appeal                           29

April 24, 2020 - What Happened to My Payment - MA DOR          32

August 1, 2020 - Request For a Review - MA DOR                 33

August 1, 2020 - Request For a Review of Refund Intercept      34

August 4, 2020 – Affidavit of Proof of Professional Work      36

August 7, 2020 – Complaint Submitted to MA AGO                41

August 10, 2020 – Response from MA AGO                        46

COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX DIVISION                           DOCKET NO. MI11W1147WD
                                                          MI11W0787WD


CYNTHIA OULTON,

Plaintiff

v.

IMRE KIFOR,

Defendant

**JUDGMENT**

*(On Plaintiff's Complaint for Contempt, filed January 29, 2018)*


Following  hearing and due consideration of all credible evidence, it is hereby

ORDERED and ADJUDGED by clear and convincing evidence that:

1. The Defendant, Imre Kifor is GUILTY of contempt for willfully and knowingly

   disseminating information pertaining to the case in violation of the Judgment, dated

   February 13, 2014 on October 23, 2017, December 29, 2017 and January 19, 2018


Date: September 26, 2018

Mary Rudolph Black, Justice
Middlesex Probate and Family Court

EXH000003

COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX DIVISION                    DOCKET NO. MI11W1147WD
                                      MI11W0787WD


CYNTHIA OULTON,

Plaintiff

v.

IMRE KIFOR,

Defendant


## RELEVANT PROCEDURAL HISTORY, FINDINGS OF FACT, RATIONALE, CONCLUSIONS OF LAW

*(On Plaintiff's Complaint for Contempt, filed January 29, 2018)*


This matter came before the Court (Black, J.) for hearing, on May 16, 2018. Plaintiff, Cynthia Oulton (hereafter "Mother") was present and appeared pro se. Defendant, Imre Kifor (hereafter "Father") was present and appeared pro se. Following hearing and due consideration of all credible evidence including, but not limited to,  the October 23, 2017 e-mail chain communications and the January 19, 2018 e-mail communication chains, the Court (Black, J.) hereby enters the following Relevant Procedural History, Findings of Fact, and Rationale:

EXH000004

## RELEVANT PROCEDURAL HISTORY

1.  On February 13, 2014, the Court (Gibson, J.) issued a Judgment on Mother's Complaints for Custody-Support-Visitation, filed May 10, 2011, and June 27, 2011, and on Mother's Complaint for Contempt, filed March 22, 2013. The Judgment provided inter alia, that "it is the best interest of the minor children that any information relating to this judgment, the contempt, or the paternity actions contained herein not be disseminated outside of this court case by Father without prior approval of the Court."

2.  On January 29, 2018, Mother filed a Complaint for Contempt arguing that on October 23 and December 29, 2017, and January 19, 2018, Father violated the Court's Judgment, dated February 13, 2014, by emailing Mother and copying twenty (20) to ninety (90) people including, but limited to, the children's pediatrician, school teachers, and Mother's extended family information about the children, this paternity case, allegations against the Mother, and more.

## FINDINGS OF FACT

### General Information

1.  Mother and Father were never married, but had two children of the relationship: Blake, born on July 1, 2009, and Belle, born June 4, 2011.

2.  On February 13, 2014, the Court (Gibson, J.) awarded Mother sole physical and legal custody of Blake and Belle and Father supervised parenting time. The Court, (Gibson, J.) directed Father to refrain from publishing or communicating any information relating to the judgment, paternity action, contempt, etc., to anyone outside of the Court without

**EXH000005**

Court approval. The Judgment stated, "It is the best interest of the minor children that any information relating to this judgment, the contempt, or the paternity actions contained herein not be disseminated outside of this court case by Father without prior approval of the Court."

Father's Emails

3. On several occasions including those occasions identified and referenced in Mother's complaint, Father emailed Mother and another third party, including commencing extensive email chain communications over an extended period of time, wherein Father copied multiple third parties. Each email chain contained information as set forth in the paragraphs below regarding this case which was previously prohibited from dissemination by Court Order.

4. On July 18, 2017, Father sent an email to Mother and a third party that stated, " Dear All; ...I intend to publish all documents, emails, text messages, reports, etc. that I have in my possession. I have waived all my privileges, I have paid all my dues, I have no personal information and all those documents have already been widely disseminated." The email was copied to twenty (20) people. While the e-mail references the intention to publish documentation, the Court finds that the sending of the e-mail itself to the various identified individuals violates the Court Judgment as it includes references to the children their medical status and trial testimony.

5. The July 18, 2017 email had two letters attached. One was sent to the Court ex parte, and the other was sent to the Cambridge Police Department, DCF, Middlesex District Attorney, Hillsborough County Attorney, and the FBI. Within the letters, Father seeks for these various organizations to investigate alleged "criminal activity" that took place in

EXH000006

this Court, Father offers to provide court documentation to support his allegations. The letters described the court case with Mother and other professionals involved in the cases before the Court and reference aspects of the cases such as , "... While they had full voluntary and multiple subpoenaed disclosures of my finances, they still promised her the impossible $10K / month child support, payment of all legal expenses and full control of the children completely alienated from their father. . . It all came to a head when [identified third party], the appointed GAL in the Ms. Oulton case, flat out lied to the judge regarding me not following his mandated therapy." Father further wrote, among other things, "Ms. Oulton scared my daughter with a knife. She meant no harm, as she later testified." Other information included references to the medical treatment of the children, references to depositions of professionals associated with the pending cases including Guardians ad Litem, all of which this Court finds violates the February 2014 Judgment.

6. The July 18, 2017 email chain continued, and on August 17, 2018, Father wrote, "It will be a year that I completely lost all connection with my four (4) children.... I will soon send out letters to the Concord and Westford police departments for routine wellness check. The herein attached letters to the Court, DA's offices, DCF, police and FBI will be used as motivating factors." This email was sent to Mother and a third party and was copied to approximately thirty-one (31) people.

7. The July 18, 2017 email chain ends on October 23, 2017, when Father wrote, "[A]lso, in order to safeguard the kids and you when we go to court in Cambridge, I will be filing retraining orders to protect the children from [ Father lists a series of third parties]

**EXH000007**

. . please try to keep the teachers and schools informed as much as possible for your own protection." This email was copied to approximately fifty-seven (57) people.

8.  On November 9, 2017, Father emailed a third party and wrote, "Yes, you absolutely had something on Henry, just as Otis letter documented to the Court . . . Henry didn't do anything about your daughter telling her about Cyndi 'incessantly beating' Sam. Our son repeated the same feat for [third party identified], e.g. completely disqualifying Cyndi as a mother and parent, just as [ identified third party] reported it to the Court." Father wrote, "After all, he seems to be in the [third party identified] sinister 'feeder network', openly preying on and victimizing little children with no restraint whatsoever.  Father closed the email by writing, "PS. Just as I previously promised, in order to protect my children and their mothers from a monster predator [third party identified], I am hereby starting to send the emails to all her professional peers, starting with the President of [identified institution] College, an institution seemingly harboring highly sophisticated child predators." This email was copied to fourteen (14) people.

9.  On November 11, 2017, Father emailed another third party and wrote, "FYI, please note that the attached will be published on the internet sometime in December in order to protect my children and their mothers from feminist predators just before we must go to Court. Excerpts of the many letters I sent you (and you sent me back) will be included as I will be requesting a protective restraining order from the Court against you for my children." Father also wrote, "Yet, [identified third party], a 400 times GAL Harvard psychologist (at the time) with no training or license to practice medicine, simply made fun and outright criminalized in Court my loving and fatherly efforts to protect and raise my son. In order to hide the alleged federal crime . . . the lawyers and the GALs

committed in court, they seemingly intentionally turned to you as well to force a biopsy

of my son . . . This was in order to somehow provoke the caring father into a 'protective

tantrum' in front of the judge and wrestle critical legal custody away from him." Father

copied twenty-two (22) people to this email.  While the e-mail references further

dissemination to other third parties, the court finds that the e-mail itself send to a third

party violates the Court Order.

10. On January 12, 2018, in an email addressed to [ identified third party], Father wrote,

"Please note: this email will be attached to a Court motion for permission to publish to be

heard asap (the motion itself and certificate is attached at the bottom)."  Again while the

e-mail references future activity, the court finds that the sending of this specific e-mail

violates the court Order. The email was sent to approximately seventy-six (76) people.

11. Mother alleges on January 13, 2018, Father filed and forwarded his Motion to End

Hostage Crises, along with multiple and extensive emails containing negative statements

about Mother, to Mother and twenty-seven (27) people, including the children's school,

and the Concord Police Department, who were never involved in the case whatsoever.

12. On January 19, 2018, Father emailed a Middlesex Probate Court Sessions Clerk, and

approximately twenty other individuals , and wrote, "Please see the attached letter to the

Court, sent notices / certificates and submitted motions along with forwarded emails."

The attachments included, among other case related documents, Defendant's Motion for

Relief from Judgment, Third Motion to End the "Hostage Crisis", and Motion for

Permission to Publish. This email was copied, with attachments, to approximately

twenty-seven (27) people. The e-mail included specifically identifying third party

certificates or service.

**EXH000009**

13. In Father's Motion for Permission to Publish, filed January 19, 2018, Father acknowledges to disseminating case information and writes, "Further supporting material is the attached email sent to the heads of our most elite higher education institutions, state and federal government and law enforcement agencies, children's healthcare providers as well as their schools."

14. On May 16, 2018, the Probation Case Intervention Report accounts, "Father admitted to disseminating information regarding court hearings. Information has been shared with numerous people including DCF, attorneys, and government officials among other people."

## BRIEF RATIONALE

"[U]nder our existing standard, a judge may find a person in civil contempt if the judge concludes that it is more likely than not that the person clearly and undoubtedly disobeyed a clear and unequivocal command." In re Birchall, 454 Mass. 837, 852 (2009).

The Court's (Gibson, J.) Judgment, dated February 13, 2014, is clear and unequivocal. The Judgment found, among other things, that it is in the best interest of the children for Father not to disseminate any information relating to the court case to third parties; therefore, Father was ordered to refrain from doing so.

Mother alleges Father violated this provision of the February 13, 2014 Judgment on multiple occasions, but specifically on October 23, 2017 and December 29, 2017, and January 19, 2018. The Court finds Mother's assertions credible. Father is guilty of contempt for continuously violating the Judgment, dated February 13, 2014, by publishing and disseminating information pertaining to this case, including court documents, to various third parties.

EXH000010

Father has repeatedly emailed Mother about issues relating to court proceedings. The emails discuss custody, child support, legal expenses, and allegations against Mother, the GAL and other professionals. These emails have been copied to upwards of ninety (90) people, most of which have never been involved in this case. The recipients include university professors, various law enforcement officers, the Federal Bureau of Investigation, and the children's educational providers. Father has even attached two of his motions and an ex parte letter sent to the Court to these emails.

Father has acknowledged to disseminating court documents and information. In an email dated July 18, 2017, Father wrote, "I intend to publish all documents, emails, text messages, reports, etc. in my possession . . . all those documents have already been widely disseminated." Father further admitted to disseminating court information to a probation officer of this Court.

The Court finds by clear and convincing evidence, including Father's own admissions, that Father clearly disobeyed this Court's Judgment, dated February 13, 2014, and continued to disseminate information regarding this case to third parties on the dates identified within.

### CONCLUSIONS OF LAW

1. In order to find a defendant in civil contempt, there must be a clear and unequivocal command and equally clear and undoubted disobedience. See <u>Larson v. Larson</u>, 28 Mass. App. Ct. 338, 340 (1990).

2. For a defendant to be found in contempt, the finding must be supported by clear and convincing evidence of disobedience to a clear and unequivocal order in all actions, and not merely by preponderance of the evidence. <u>In re Birchall</u>, 454 Mass. 837, 852 (2009).

EXH000011

3. Where the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt. See In re Birchall, 454 Mass. 837, 8852 (2009) (citing Judge Rotenberg Edu. Ctr., Inc., v. Commissioner of the Dep't of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997)).

4. "The purpose of civil contempt is remedial: Its aim is to coerce the performance of a required act by the disobedient party for the benefit of the aggrieved complainant." Sodones v. Sodones, 366 Mass. 121, 129-130 (1974).

Date: September 16 2018

Mary Rudolph Black, Justice
Middlesex Probate and Family Court

EXH000012

 

**Massachusetts Department of Revenue**
**Child Support Enforcement Division**

Christopher C. Harding, Commissioner
Michele A. Cristello, Deputy Commissioner

IMRE KIFOR
2 WYNDCLIFF DR
ACTON, MA 01720-4818

06/13/2019

PIN: 10.0025.3135

## FINAL DETERMINATION OF DELINQUENCY

Dear IMRE KIFOR,

Previously, the Child Support Enforcement Division of the Department of Revenue (DOR) notified you that one or more of your licenses may be suspended or revoked because you have failed to make consistent and timely payments toward your court-ordered child support obligation and you currently owe past-due support. Since that time, you have failed to make child support payments or you requested an administrative hearing, but failed to provide documentation to establish that you are not the individual owing the arrearage, that no child support arrearage exists, or that you are complying with the terms of your child support order, which are the only defenses recognized by the law.

As a result, this notice is DOR's **Final Determination of Delinquency**. We will notify the appropriate licensing authorities to suspend any licenses you may have. If your license has already been suspended by the licensing authority as a result of an action by DOR or for any other reason, your license will not be reinstated until you pay your past-due child support in full, or enter into and comply with a payment agreement.

**Do not contact the Registry of Motor Vehicles or the licensing board that issued your professional license. DOR alone is responsible for the determination to suspend your license for failure to pay child support.**

If you wish to contest this action, you must file a complaint for judicial review in the court that entered your child support order within 45 days of the date that the licensing authority notifies you of the suspension of your license. If you wish to make arrangements to pay your past-due child support in full or enter into a payment plan, please contact DOR at **(800)332-2733**.

Sincerely,
Massachusetts Department of Revenue
Child Support Enforcement Division



## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, SS                                        DOCKET NO. MI 07D3172 DR

### Imre Kifor, Plaintiff

### vs.

### Barbara A. Duchesne, Defendant

### MODIFICATION JUDGMENT
*(On Complaint for Modification filed November 5, 2018)*

All persons interested having been notified in accordance with the law, this matter came on for trial before the Court, Cafazzo, J. on June 5, 2019. Barbara A. Duchesne (hereinafter referred to as "Mother") appeared and was represented by Attorney Michael G. Xavier. Imre Kifor (hereinafter referred to as "Father") proceeded *pro se*. The following four (4) exhibits were entered into evidence: ARC Statement (4/24/2019), ARC Statement (6/5/2019), Father Financial Statement, Mother Financial Statement. Two people testified at trial, including, Mother and Father.

After hearing and evaluating all credible evidence and drawing all reasonable inferences therefrom, **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. **Legal and Physical Custody.** Mother shall continue to have sole legal and sole physical custody of Evan Mathias Kifor (DOB 3/13/2004) and Anna Zofia Kifor (DOB 3/13/2004).
2. **Father's Parenting Time.** Father shall not have supervised or unsupervised parenting time with the children at this time.
3. **Telephone Contact.** Father shall not have scheduled telephone contact with the children at this time.
4. **Contact with the Children.** Father agrees not to contact the children in any manner, phone, mail, in person, social medial, or video conferencing. Father further agrees not to contact the minor children's school in any manner, email, phone, mail or in person. Nothing shall prohibit the children from initiating contact with the Father.
5. **Children's Social Security Cards.** Father shall return Evan and Anna's social security cards through a third party or directly to Mother within 10 days of this judgment.
6. **Child Support.** Father shall continue to pay weekly child support to Mother in the amount of $233.00.
7. **Attorney's Fees.** Father to pay outstanding attorney's fees ordered by the court in the amount of $13,934.00 within 30 days of this judgment to Mother.
8. Father must obtain permission from the Court prior to filing and/or serving any pleadings on Mother or Mother's counsel.

## FINDINGS AND RATIONALE

The Judgment of Divorce, Donnelly, E., dated June 30, 2014 ("Divorce Judgment"), provided Mother with sole legal and physical custody of both minor children and Father with supervised parenting time and scheduled telephone contact. The Divorce Judgment ordered Father to pay child support to Mother in the amount of $233.00 week and maintain on his health insurance plan and sign any forms and take whatever steps are necessary to allow the Mother full access to the children's health insurance account.

In his modification action, Father requests that the Court modify the June 30, 2014 Judgment by (a) investigating the circumstances of the old judgment; (b) ordering a new investigation into the rendered care and well-being of the children; and (c) ruling in favor and for the protection of the children. Father's Complaint for Modification seeks shared legal custody of the parties' minor children, reunification with the children, and unsupervised parenting time. As grounds Father says he has complied with court-ordered therapy and supervised visitations from 2014-2016.

Mother resides in Westford, Massachusetts and Father resides in Acton, Massachusetts. Presently, Evan and Anna's primary residence is with Mother. Father had exercised his supervised parenting time with the children regularly between October 2014 and September 2016. It is undisputed that Father unilaterally stopped exercising parenting time with the children in September 2016 and that the children have not seen their Father since the last visitation.

Father testified that he has lost all connection with his children, he has not seen his children, not even photographs, and he has not been able to have any meaningful communication with his children since the termination of supervised visitations. Father testified that he never received complaints throughout the two-year duration of supervised parenting time. Father further testified that he made the decision to unilaterally terminate visitations because 1) he believed Ms. Brice could no longer conduct visitations, and 2) he did not wish to make his children feel uncomfortable in participating. In addition, Father testified that he believed the parenting time facilitators were "waterboarding" his children. Father also testified that it was not his intention to terminate the supervised visitations permanently.

Father also testified that he continued to have telephone conversations with the children following the termination of supervised parenting time. Father expressed in his testimony that it was difficult to have "meaningful conversations" with the children via telephone due to his court-ordered restraints and could only ask basic questions such as "how are you?", "how was your day?", and "what did you eat?". Father testified that he avoided any type of "conflict generated" conversations during telephone conversations and felt that it was difficult to build relationships with the children since the conversation were being recorded.

Father further testified that beginning in June 2017, the children no longer wanted to talk to him and stopped answering his telephone calls. However, Father testified that he has continued to call the children on their personal cell phones three times a week on Monday, Wednesday, and Friday evenings in hopes that they will eventually answer his calls.

EXH000015

Evidence was introduced that Evan and Anna are both thriving in high school and just completed their freshman year at Westford Academy. Based on the ARC's updated statement, both children remain adamant regarding their choice and position to not have a relationship with Father. From the children's perspective, the relationship has been terminated by the Father after he stopped parenting time and his phone calls. In addition, the children expressed that they did not want the Father to e-mail the school since it caused them to become upset and embarrassed. Furthermore, both Anna and Evan have expressed that they would like their social security cards returned from Father and do not want to see the Father or communicate with him in any form.

Mother testified that the Father's unilateral cancellation of supervised visits made the children feel rejected and that there has been no effort on Father's part since 2016 to set-up visitations. Mother testified that as a result of the Father's cancellation of visits, she enrolled the children in additional therapy sessions to help them cope with feelings of rejection by a parent. Mother further testified that the children had been participating in ongoing therapy from 2011-2017 to deal with endured trauma and abuse sustained from their relationship with Father. In addition, Mother testified that the children had been improving while participating in therapy over the years. However, Mother testified that Father's cancellation of visits was a set-back for the children and required them to participate in intensified therapy.

Mother testified that the children are currently now focused on doing activities they like to participate in and are less stressed about the visits since Father's cancellation. Mother also testified that she has seen a change in the children's overall calmness and ability of dealing with life as high school students. Mother also testified that "the girls are in a good place right now," and expressed that she did not want to disrupt the children's wellbeing by making them spend time with someone who makes them feel uncomfortable. Mother further testified that she had always encouraged the children to participate in parenting time and hoped that the children's relationship with Father would be repaired. However, Mother testified that Father continues to send contentious and inflammatory e-mails regarding this matter.

The Court finds that there has not been a material change in circumstances to support a modification on Father's complaint due to the children's choice and positions regarding their relationship with Father. The Court further finds that a change in modification of parenting time would not be in the best interests of the children since they have expressed through the ARC statement that their relationship with Father is irretrievably broken and there is no hope for reconciliation. Father expressed many times throughout his testimony that he always honored his children's wishes and intends to continue doing so.

Furthermore, the Court finds Mother's testimony produced to be credible regarding the children's personal growth and independency. Mother expressed in her testimony that both children have Father's telephone number and email address should they ever decide to contact their Father. The Court finds that upon entering this judgment, there still remains avenues of communication between the children and Father if the children decide to contact their Father in the future.

EXH000016

Father has failed to meet the burden of showing a material change of circumstances on his Complaint for Modification as he was unable to cogently provide adequate grounds for said modification.  In addition, the Court finds that Mother will continue to promote the best interest of Evan and Anna which she has demonstrated.


Date: June 13, 2019

Terri Klug Cafazzo, Justice of the Middlesex
Probate and Family Court

EXH000017

*Recv. 7-1-19*

# COMMONWEALTH OF MASSACHUSETTS

## THE TRIAL COURT

### PROBATE AND FAMILY COURT DEPARTMENT

**MIDDLESEX DIVISION**                    **DOCKET NO.   07D-3172-DR**

**IMRE KIFOR**
Plaintiff
v.
**BARBARA A. DUCHESNE**
Defendant

IN RE: MODIFICATION JUDGMENT

### NOTICE OF APPEAL

Imre Kifor, ("Appellant"), files the instant Notice of Appeal of the judgment and orders, entered on the docket on June 13, 2019, as follows: a) "Legal And Physical Custody", b) "Father's Parenting Time", c) "Telephone Contact", d) "Contact with the Children", e) "Child Support", f) "Attorney's Fees" and g) "Permission to File Pleadings".

This Notice of Appeal is signed by Appellant pursuant to Rule 3(c) of the Massachusetts Rules of Appellate Procedure, and has been timely filed within thirty (30) days of entry of the judgment appealed from pursuant to Rule 4(a) of the Massachusetts Rules of Appellate Procedure.

Please also order all appropriate cassettes/recordings of the trial in this matter.


Dated: June 25, 2019

Respectfully submitted,


Imre Kifor, Pro Se, Appellant

Commonwealth of Massachusetts
The Trial Court.

_Middlesex_ Division   Probate and Family Court Department   Docket No. M10703172

## Order - Judgment on Complaint for Civil/Criminal Contempt

filed on _Jan. 30, 2019_

_Barbara Duchesne_, Plaintiff

v.

_Imre Kifor_, Defendant

I.  After hearing and full opportunity to be heard, it is adjudged by clear and convincing credible evidence that the defendant is:

☐   NOT GUILTY of Contempt of this Court.

☒   GUILTY of Contempt of this Court for having willfully, while having, at all relevant times, the ability to comply with the order:

☒   A.   neglected and refused to pay child support/alimony, the arrearage of which is fixed at $15,916.00

☐   B.   neglected and refused to pay health insurance premiums for the plaintiff and/or minor child(ren).

☐   C.   neglected and refused to pay medical bills in the amount of $_____.

☐   D.   neglected and refused to allow the plaintiff parenting time with the minor child(ren) on:

☒   E.   neglected and refused to report to the Probation Department regarding his/her job seeking efforts.

☐   F.   neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount of $_____.

☐   G.   _____

(OVER)

EXH000019

EXH000020

**II. It is ordered that:**

☒ A. The defendant pay $ 255 weekly/monthly ($ 20.00 ) of ____
which shall be applied against the arrearage).

☐ B. The defendant pay $ ____ weekly/ monthly/ on the following dates: ____
towards the arrearage of $ ____

☐ C. The parties comply with the stipulation dated ____
which is incorporated and merged into this order/judgment.

☐ D. The defendant shall report in person to the Probation Department of this Court
each week with evidence of having sought employment from at least ____
employers. The defendant shall provide the Probation Department with the name,
address and telephone number of the employers and a copy of his/her job
application or other proof of having applied for work. VIOLATION OF THIS
PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF COURT
AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO
SIX MONTHS.

☐ E. The defendant shall pay attorney fees in the amount of $ ____ and the cost
of service of process which was necessary on this complaint, to wit:

☐ F. $ ____ Payment shall be made as follows:

_____
_____
_____
_____
_____
_____

**III. It is further ordered that:**

☒ A. The Defendant be committed to jail for ___14___ days or until he/she shall
purge himself/herself of said contempt by payment of $ 2,500.00 OR until
further order of the Court OR until he/she be otherwise discharged by due
course of law.

☒ B. This sentence is suspended until Oct. 21, 2019

☒ C. This matter is continued to Oct 21, 2019 at 8:30am for
Compliance, Review to need not appear.

Date: August 5, 2019      _____
Justice of the Probate and Family Court

**Commonwealth of Massachusetts**
**The Trial Court**

*Middlesex* **Division**          Probate and Family Court Department          Docket No. _07D3172_

~~Order~~ — Judgment on Complaint for Civil/~~Criminal~~ Contempt          #177

filed on _1/30/19 and amended contempt dated 10/11/19_

Plaintiff _Barbara Duchesne_ ,Plaintiff

v.

_Imre Kifor_ ,Defendant

**I.    After hearing, it is adjudged that the defendant is:**

~~☐   NOT GUILTY of Contempt of this Court.~~

☑   GUILTY of Contempt of this Court for having wilfully:

☑   A.   neglected and refused to pay child support/alimony, the arrearage of which is fixed at $ _15,671_

~~☐   B.   neglected and refused to pay health insurance premiums for the plaintiff and/or minor child(ren)~~

☐   C.   neglected and refused to pay medical bills in the amount of $_____.

☐   D.   neglected and refused to allow the plaintiff visitation with the minor child(ren) on

_____

_____

☐   E.   neglected and refused to report to the Probation Department regarding his/her job seeking efforts.

☐   F.   neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount of $_____.

☐   G.   _____

_____

_____

_____

_____

CJ-D 404 (10/96)

(OVER)

236

EXH000021

**II.**   **It is ordered that:**

☐   A.   ~~the defendant pay $_____ weekly/monthly ($_____~~
of which shall be applied against the arrearage).

☐   B.   the defendant pay $_____ weekly/monthly towards the arrearage of
$_____.

☐   C.   the parties shall comply with the stipulation dated_____
which is incorporated and merged into this order/judgment.

☐   D.   the defendant shall report in person to the Probation Department of this Court
each   week   with   evidence   of   having   sought   employment   from   at
least_____employers. The defendant shall provide the Probation
Department with the name, address, and telephone number of the employers and a
copy of his/her job application or other proof of having actually applied for work.
VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF
COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO
SIX MONTHS.

☐   E.   the defendant shall pay attorney fees in the amount of $_____
and the cost of service of process which was necessary on this complaint, to wit,
$_____.

☑   F.   The defendant shall pay $1,464 forthwith
_____
_____
_____
_____

**III.**   **It is further ordered that:**

☑   A.   the defendant be committed to jail for _14_ days or until he/she shall
purge ~~him/herself~~ of said contempt by payment of $ _1,464_ OR until
further order of the Court OR until he/she be otherwise discharged by due course of
law.

☐   B.   ~~this sentence be suspended until~~ _____.

☐   C.   ~~this matter is continued to~~ _____.

Date _10/21/19_                    _J Klug_ _____
                                   Justice of the Probate and Family Court

## COMMONWEALTH OF MASSACHUSETTS

## THE TRIAL COURT

## PROBATE AND FAMILY COURT DEPARTMENT

**MIDDLESEX DIVISION**                    **DOCKET NO.   07D-3172-DV1**

**BARBARA A. DUCHESNE**
Plaintiff
v.
**IMRE KIFOR**
Defendant

IN RE: CONTEMPT JUDGMENT

## NOTICE OF APPEAL

Imre Kifor, ("Appellant"), files the instant Notice of Appeal of the judgment and orders, entered on the docket on October 22, 2019, (signed by the judge on October 21, 2019) as follows: a) "GUILTY of Contempt", b) "Defendant shall pay", and c) **"Defendant be committed to jail"**.

This Notice of Appeal is signed by Appellant pursuant to Rule 3(c) of the Massachusetts Rules of Appellate Procedure, and has been timely filed within thirty (30) days of entry of the judgment appealed from pursuant to Rule 4(a) of the Massachusetts Rules of Appellate Procedure.

This new appeal is a continuation of an already appealed matter, and it is thus materially related to the notice of appeal received by this Court on July 1, 2019, a copy of which is attached.

Appellant has also requested indigency status regarding all Court-related expenses of these two started/ongoing appeals. A copy of the "Motion to Request Indigency" is also attached.

**Appellant also notes, that while he has complied with all the rules and instructions of the process, he has not received any further communication from this Court regarding the appeals since the notice was recorded on July 1, 2019.**

Dated: November 7, 2019

Respectfully submitted,

Imre Kifor, Pro Se, Appellant

**Commonwealth of Massachusetts**
**The Trial Court**

Middlesex **Division**      **Probate and Family Court Department**      Docket No. M1070 3172

~~Order~~ **— Judgment on Complaint for Civil/~~Criminal~~ Contempt**

filed on   Oct. 11, 2019

Barbara   Duchesne              ,Plaintiff

v.

Irene   Kifor              ,Defendant

L.   After hearing, it is adjudged that the defendant is:

☐   ~~NOT GUILTY of Contempt of this Court.~~

☒   GUILTY of Contempt of this Court for having willfully:

☒   A.   neglected and refused to pay child support/alimony, ~~the arrearage of which is fixed~~
          weekly ~~at $XXXXXXXX.~~ in the amount of $33.00 per week. Defendant
          admitted to only paying $134.00 per week for 10 weeks.

☐   B.   neglected and refused to pay health insurance premiums for the plaintiff and/or minor
          child(ren)

☐   C.   neglected and refused to pay medical bills in the amount of $_____.

☐   D.   neglected and refused to allow the plaintiff visitation with the minor child(ren) on

          _____

          _____

☐   E.   ~~neglected and refused to report to the Probation Department regarding his/her job seeking efforts.~~

☒   F.   neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount
          of $ 13,934.00 within 30 days of the Modification
          Judgment dated 6/13/19.

☐   G.   _____

          _____

          _____

          _____

**(OVER)**

6/13/19

CJ-D 404 (10/96)

EXH000024

**II.**   **It is ordered that:**

☒   **A.**   the defendant pay $ _255.00_ weekly/~~monthly~~ ($ _22.00_
of which shall be applied against the arrearage).

☐   **B.**   the defendant pay $_____ weekly/monthly towards the arrearage of
$_____

☐   **C.**   the parties shall comply with the stipulation dated_____
which is incorporated and merged into this order/judgment.

☐   **D.**   the defendant shall report in person to the Probation Department of this Court
each   week   with   evidence   of   having   sought   employment   from   at
least_____ employers. The defendant shall provide the Probation
Department with the name, address, and telephone number of the employers and a
copy of his/her job application or other proof of having actually applied for work.
VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF
COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO
SIX MONTHS.

☐   **E.**   the defendant shall pay attorney fees in the amount of $_____
and the cost of service of process which was necessary on this complaint, to wit,
$_____

☒   **F.**   _Defendant shall pay Plaintiff's attorneys fees_
_that are past due in the amount of_
_$13,934.00 within 90 days of the date of_
_this judgment._

**III.**   **It is further ordered that:**

_The Court finds defendant has the ability to_
_to pay because he is employable and can earn_
_at least minimum wage at 40 hours a week._

☐   **A.**   the defendant be committed to jail for _____ days or until he/she shall
purge him/herself of said contempt by payment of $_____ OR until
further order of the Court OR until he/she be otherwise discharged by due course of
law.

☐   **B.**   this sentence be suspended until _____

☒   **C.**   this matter is continued to _____

Date _Dec. 6, 2019_                          _____
                                             Justice of the Probate and Family Court

EXH000025

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department

Middlesex Division                    Docket No.  MI    11W0787;
                                                       11W-1147

CYNTHIA OULTON
Plaintiff

vs.

IMRE KIFOR
Defendant

## ORDER ON FATHER'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR RECONSIDERATION

The Father/Defendant, Imre Kifor, filed, on or about December 11, 2019, Motions for Relief from Judgment and Motions for Reconsideration, in the present action, and in the action with Ms. Duchesne that is assigned to the calendar of Judge Cafazzo. Despite requests that Mr. Kifor file pleadings and motions with only one caption and applicable docket number(s) in each session, the motions and the exhibits filed in this session contain numerous references and attachments relative to the Duchesne matter, as well as multiple copies of identical pleadings. The Father is encouraged to file pleadings with only one caption and information relevant to that proceeding only to avoid duplication and confusion.

Father's Motion for Relief from Judgment seeks relief from the judgment of April 11, 2019 pursuant to Rule 60(b)(3). Section 3 of Rule 60(b) permits relief when the Court determines that a party has perpetrated fraud, misrepresentation, or other misconduct. The April 11, 2019 judgment of this Court was the allowance (in part) of a Motion to Dismiss Father's Complaint for Modification. The Court (Black, J.,) allowed the Motion relative to the request for weekly parenting time and the alleged change in circumstances contained within the complaint. The

*Page 1 of 2*

EXH000026

Motion to Dismiss alleged that Father had not pled sufficient facts to demonstrate that modification was warranted or in the best interest of the children.

Motion for Relief from Judgment or an Order pursuant to Rule 60(b)(3) are properly entertained by the Judge who originally heard the underlying matter and entered the order from which relief is requested. Accordingly, the Motion for Relief from Judgment shall be transmitted forthwith to Judge Black for decision.

Upon receipt of the Court's decision on said motion, this Court (Allen, J.) shall enter orders on the Motion for Reconsideration regarding the trial orders and the limitation on the presentation of evidence at the modification trial. The modification trial is presently scheduled for January 9, 2020. In order to provide the Court with the necessary time to consider and make orders on these two Motions, the trial is <u>continued. The next event shall be status conference: February 19, 2020, at 10:00am, Middlesex Probate and Family Court, courtroom 8.</u>

Dated:

**Jennifer M. Allen, Associate Justice**
**Middlesex Probate & Family Court**

**EXH000027**

## COMMONWEALTH OF MASSACHUSETTS

## THE TRIAL COURT

## PROBATE AND FAMILY COURT DEPARTMENT

**MIDDLESEX DIVISION**                    **DOCKET NO.   07D-3172-DV1**

### BARBARA A. DUCHESNE
Plaintiff
v.
### IMRE KIFOR
Defendant

IN RE: CONTEMPT JUDGMENT

### NOTICE OF APPEAL

Imre Kifor, ("Appellant"), files the instant Notice of Appeal of the judgment and orders, entered on the docket on December 13, 2019, (signed by the judge on December 6, 2019) as follows: I) "GUILTY of Contempt", II) "Defendant pay", and III) **"Defendant has the ability to pay"**.

This Notice of Appeal is signed by Appellant pursuant to Rule 3(c) of the Massachusetts Rules of Appellate Procedure, and has been timely filed within thirty (30) days of entry of the judgment appealed from pursuant to Rule 4(a) of the Massachusetts Rules of Appellate Procedure.

This new appeal is a continuation of an already appealed matter, and it is thus materially related to the notice of appeals received by this Court on July 1, 2019 and November 7, 2019, copies of which are attached.

Appellant has also requested indigency status regarding all Court-related expenses of these three started/ongoing appeals. A copy of the "Motion to Request Indigency" is also attached.

**Appellant also notes, that while he has complied with all the rules and instructions of the process, he has not received any further communication from this Court regarding the previous appeals since the notices were recorded on July 1, 2019, and November 7, 2019.**

Dated: January 7, 2020

Respectfully submitted,

Imre Kifor, Pro Se, Appellant

# COMMONWEALTH OF MASSACHUSETTS

## THE TRIAL COURT

## PROBATE AND FAMILY COURT DEPARTMENT

**MIDDLESEX DIVISION**                    **DOCKET NOs.**    **11W-0787-WD**
                                                            **11W-1147-WD**

**IMRE KIFOR**
Plaintiff

v.

**CYNTHIA S. OULTON**
Defendant

IN RE: PARTIAL MODIFICATION DISMISSAL

### NOTICE OF APPEAL

Imre Kifor, ("Appellant"), files the instant Notice of Appeal of the partial dismissal originally

entered on the dockets on May 13, 2019, (the judge having signed it on April 11, 2019) as

follows: "The Defendant's motion [to dismiss] is allowed as to count 2 of Plaintiff's complaint

relative to weekly parenting time and the alleged change in circumstances contained therein."


Appellant has extensively informed this Court about the Defendant's **maliciously child-abusive,**

deeply fraudulent and personally destructive statements that she continues to file in this Court to

this day. Appellant's response motion to the above dismissal, requesting urgent reconsideration,

was nevertheless explicitly ignored by this Court in a ruling on the same, April 11, 2019, date.

**EXH000029**

Appellant has since filed Notices of Appeals on June 25, November 7, 2019, and January 7, 2020 in the closely related parallel cases (MI07D3172DV1) sharing all the identical and extensively documented facts of a same father and bank accounts. While this Court has been informed about the appeals activity, and the now initiated $1,000,000 defamation lawsuit in the Middlesex Superior Court, all of Appellant's arguments regarding the dismissed part of the still ongoing cases in this Court have been rejected in the August 22, 2019, and January 21, 2020, orders.

Specifically, as part of the appeals process in both parallel cases with both mothers, Appellant simultaneously requested relief from the allegedly maliciously tainted judgments in order to assure a still upcoming fair trial, with a now delayed status conference scheduled for February 19, 2020, as per the January 6, 2020, order of this Court. In the context of the same order, however, and after an informed review, the original judge still summarily denied Appellant's motions for relief on January 21, 2020, (apparently entered by this Court on February 6, 2020).

This Notice of Appeal is signed by Appellant pursuant to Rule 3(c) of the Massachusetts Rules of Appellate Procedure, and has been timely filed within thirty (30) days of entry of the summary denial appealed from pursuant to Rule 4(a) of the Massachusetts Rules of Appellate Procedure.

This new, Appellant's now **fourth idle appeal** in the combined parallel cases with interrelated, identical backgrounds, facts and evidence, is thus a continuation of an already appealed matter, and it is materially related to the notice of appeals received by this Probate & Family Court on July 1, 2019,  November 7, 2019, and January 7, 2020, copies of which are duly attached.

2

Specifically, Appellant has been requesting indigency status regarding all Court-related expenses of **these massive, deliberately fabricated and deeply child-abusive cases**. A copy of "Father's Simultaneous Repeated Motion To Request Indigency Re: Court Expenses," identically to be submitted to the Superior and Appeals Courts as well, is also attached. Since July 1, 2019, the Courts have deliberately avoided to rule on the indigency 6 times now, precluding any progress.


Dated: February 12, 2020


Respectfully submitted,


Imre Kifor, Pro Se, Appellant

3

EXH000031

**U.S. Department of the Treasury**
Bureau of the Fiscal Service
P.O. Box 1686
Birmingham, AL 35201-1686



## PLEASE RETAIN FOR YOUR RECORDS

04/24/20



IMRE KIFOR
2 WYNDCLIFF DR
ACTON, MA 01720-4818

## What Happened to My Payment?

The U.S. Department of the Treasury, Bureau of the Fiscal Service (Fiscal Service), applied all or part of your payment to delinquent debt that you owe. This action is authorized by federal law. Below is your payment information:

Payment From: Internal Revenue Service
Payee Name: IMRE KIFOR
Original Payment: $1200.00

Payment Date: 04/24/20
Payment Type: CHECK

## Who Do I Owe?

We applied your payment to debt that you owe to the following agency:

DEPT OF HEALTH & HUMAN SVCS/DSER
MASSACHUSETTS DEPT OF REVENUE
CHILD SUPPORT ENFORCEMENT
P.O. BOX 7057
BOSTON            MA 02204
800-332-2733

TOP Trace Number: 175720723
Account#: 028665103
Applied to This Debt:      $1200.00
Type of Debt: Child Support

Please see additional pages for other debts, if any.

## What Should I Do Now?

If you agree that you owe the debt, you do not need to do anything. Your debt balance has been reduced. If you believe that your payment was applied in error, you would like to resolve your debt, or you have questions about your debt or outstanding balance, contact the agency listed under **Who Do I Owe**. Please have this notice available when you contact the agency.

Only an agency listed under **Who Do I Owe** has information about your debt. Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you.

For questions about your debt, please call the agency listed under **Who Do I Owe**. If you have questions about the Treasury Offset Program, please visit our website at www.fiscal.treasury.gov/TOP or call 1-800-304-3107.

FOR OFFICIAL USE ONLY: RL112916
0000003653 175720723660203815003697055555ALTR-P01IMRE012069



EXH000032



# Request for Administrative Review

If you think that DOR's records about your child support case are wrong or if you think we shouldn't have used a certain enforcement action, you can ask DOR to review your child support case. This is called a Request for Administrative Review. If you want to ask for a review, you must:

- Fill out this form
- Gather all information that explains why you think your case is wrong or why DOR should not have used a certain enforcement action
- Send this form and your information to us within 15 days to this address: **Massachusetts Department of Revenue, Child Support Enforcement Division, P.O. Box 7057, Boston, MA 02204.**

## YOU CANNOT ASK FOR A REVIEW BY TELEPHONE.
## YOU HAVE TO RETURN THIS FORM TO ASK FOR A REVIEW

**FIRST NAME:**    Imre

**MIDDLE NAME:**

**LAST NAME:**    Kifor

**ADDRESS:**    2 Wyndcliff Dr.

**ADDRESS LINE 2:**

**ADDRESS LINE 3:**

**CITY:**    Acton

**STATE: MA**    **ZIP CODE:**    01720

**COUNTRY:**    US

**SOCIAL SECURITY NUMBER:**    xxx-xx-xxxx    **PHONE:**    **I do not have a phone ikifor@gmail.com**





### The Commonwealth of Massachusetts
### Department of Revenue
### Child Support Enforcement Division

#### Request for Review of State Tax Refund Intercept

If your state tax refund has been intercepted by the Massachusetts Department of Revenue (DOR) to recover past due child support, you have a right to request a review of the validity or amount of the intercept.

To request a review from DOR, complete and submit this form, <u>along with the intercept notice you received from DOR</u> <u>(NOTICE OF INCOME TAX REFUND TRANSFER TO CHILD SUPPORT ENFORCEMENT)</u> and any documents that may support your claim.

Supporting documents may include copies of:
- Canceled checks or money orders;                              **August 1, 2020**
- Child support orders or modifications to them;
- Pay stubs that show monies withheld for child support;
- Letters from employers who have withheld wages from your salary in connection with income assignments;
- Receipts for child support payments made in cash; or
- If you pay child support through a court, a letter from the court documenting the amount of your arrears.

**Please Print:**

| | |
|---|---|
| Name: __**Kifor, Imre**__ | __xxx-xx-xxxx__ |
| Last       First       MI | Social Security Number |
| Address: __**2 Wyndcliff Dr.**__ | __I don't have a phone__ |
| Street | Home Phone |
| __**Acton, MA 01720**__ | __ikifor@gmail.com__ |
| City      State      Zip Code | Work Phone |

Please provide the name and Social Security number (if you know it) of **the custodial parent of the child(ren)** for whom you pay (paid) child support so that we may properly identify your case.

| | |
|---|---|
| Name: __**Cynthia S. Oulton & Barbara A. Duchesne**__ | |
| Last      First      MI | Social Security Number |

Location of the Court where your child support order was established: __**Middlesex Probate & Family**__

Check One:  ☐ District Court   ☐ Probate Court

Date of your <u>original</u> order: __**2014-02-13 & 06-30**__  Amount of your <u>current</u> order: $ **342/233** per __**week**__

Amount you think you owe in arrears: $ **$160,000+ (including court-ordered expenses / insurance)**

Your reason for requesting a review.  Check whichever one(s) applies: **sustained child-abusive fraud & perjury**

☐ 01  Wrong Amount Intercepted        ☐ 03  No Court Order **(see attached E-FILED documentation)**
☐ 02  No Arrears                      ☐ 04  Wrong Person              ☐ 06  Non-Debtor Spouse

---

#### Claim for Non-Debtor Spouse Refund

Enclose a copy of your state tax return and a copy of all W-2 forms.  Even if you are seeking to recover only that portion of your refund owed to your non-debtor spouse, you must also complete the upper portion of this form.

Name of Non-Debtor Spouse: _____
                                   Last                         First                          MI

Address if different from above: _____
                                                Street

_____
            City                         State                       Zip Code

Signature of Non-Debtor Spouse: _____

Non-Debtor Spouse's Social Security Number: _____  Date: _____

---

(CSB 02/06 F50071)

EXH000034

Mail the completed form along with your notice of intercept and documentation to:

**MASSACHUSETTS DEPARTMENT OF REVENUE**
**CHILD SUPPORT ENFORCEMENT DIVISION**
**CUSTOMER SERVICE BUREAU**
**P.O. BOX 7057**
**BOSTON, MA 02204**

---

### Your Right to Request a Review of State Tax Refund Intercept

The Massachusetts Department of Revenue (DOR) has taken your state tax refund to recover past-due child support. The amount taken has been forwarded to DOR's Child Support Enforcement Division. You have the right to request a review of this action if you believe you have cause for dispute. **Your request for review must be filed within thirty (30) days of the date you receive this form.**

Any one of several factors would justify a request for review of an intercept of your tax refund. These include, but are not limited to:

**Wrong Amount Intercepted -** You believe that the amount intercepted is incorrect because you were not credited for all your payments, DOR computed your arrears balance incorrectly or the amount of your child support order has been modified by the court.

**No Arrears -** You believe that you have not been ordered to pay support or that you did not owe past-due child support.

**No Court Order in Effect -** You had been ordered to pay child support but your child support order was subsequently vacated by the court.

**Wrong Person -** You believe that you have been incorrectly identified as a person owing past-due child support.

**Bankruptcy -** If you received a discharge from the U.S. Bankruptcy Court before August 12, 1981, your child support debt may have been discharged. If you have a bankruptcy pending, your tax refund may be payable to the trustee. You must provide documentation including the date of any court order and you must prove that the person or entity to whom child support was owed was notified and listed as a creditor in the bankruptcy proceeding.

**Non-Debtor Spouse -** If you are remarried and if you filed jointly with your current spouse who earned income, she or he may be entitled to a portion of the refund that was intercepted.

The review process begins when you complete the Request for Review on the front of this information sheet and mail it to DOR with all relevant supporting information and documentation. We will send you an acknowledgment of receipt of your request for review and will keep you informed of the progress of your case. Please call us only if you do not hear from us within 14 days. You can contact us by dialing the Customer Service Number listed below.

| **To preserve your right to request a review, you must return this form within 30 days.** |
|---|

**CUSTOMER SERVICE BUREAU**
**(800) 332-2733**

**EXH000035**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT
                                        CIVIL ACTION 2081CV00109

---------------------------        **RECEIVED**

IMRE KIFOR,                    )
         Plaintiff            )         8/4/2020
                              )
v.                            )    IMRE KIFOR'S
                              )    **AFFIDAVIT OF PROOF OF LONG-**
BARBARA A. DUCHESNE,          )    **TERM AND STEADY PROFESSIONAL**
CYNTHIA S. OULTON,            )    **WORK**
         Defendants           )
---------------------------

NOW COMES Imre Kifor, ("Father"), with ("Mothers"), Barbara

Duchesne, ("Mother-B"), and Cynthia Oulton, ("Mother-C"), and,

updating his record with recent, materially significant and

relevant changes, under oath states as follows:

1. On June 30 and July 17, 2017, Father notified the court and

other law enforcement officials that he ran out of funds, and,

as per the <u>malicious and fraudulently false allegations</u> against

his deeply invalidated person, he could not continue with paying

the ~$5,000/month combined child support/expenses/insurances.

2. On January 16, 2018, Father filed for and scheduled his first

desperate, relief seeking hearing in the Cambridge Family Court.

- 1 -

EXH000036

3. A total of 18 hearings in the Family, District and Superior courts followed, all centered on Father's indigency status (see previously filed 11 affidavits of indigency) and his destroyed ability to pay any of the since accumulated $160,000+ in arrears child supports/expenses/insurances. An additional 6 dockets have been used up already in the Appeals Court on the same issues.

4. **The extreme court activity has not yielded any results!**

5. As the Family Court repeatedly allowed/claimed that Father was "dangerous," without any proof of violence, threats, mental health diagnosis, or any other wrongdoing on his part, his 800+ applications/emails for work, any work, went unanswered.

6. Father published an initial set of his meticulously collected, and since filed, 12,000+ pages of "evidence" pointing to the root causes of the systemic and institutionalized, deeply child-abusive fraud and deception by "trusted" professionals.

7. On June 6, 2019, the Family Court ordered Father to take a minimum wage job, in a seeming concerted effort to force him to give up his profession, his education, his expertise, his life, and his dear children, i.e. to finally shut him down for good.

EXH000037

8. On October 21, 2019, the Family Court ordered Father to jail for not having $255, an undisputed indigency fact that he had been pleading to the same court since at least June 30, 2017.

9. A jail sentence, of any length, combined with the court-allowed malicious and fraudulently false allegations is literally and effectively a death knell to any high tech professional expected to work in technical leadership position.

10. Nevertheless, Father continued his long-term, steady and meaningful professional work and efforts all this time.

11. On July 22, 2020, Father wrote to Mothers,

11.1. "I invite you, or anyone who cares, to audit my long-term and steady professional work. I have ~30 private "git" (https://git-scm.com) repositories on my servers that can be easily audited for exact changes, amount and type of work, precise, tamper-proof timestamps, etc. going back to at least June 30, 2017. This trusted technology is used by pretty much all firms these days to version and track all of humanities "software projects." See the https://github.com, https://about.gitlab.com, etc. success stories..."

- 3 -

EXH000038

11.2. "On Github I have 12 repositories, out of which qnarre and qnarre2 are the public ones. I am attaching this mornings' snapshot/summary of my recent "commits" to my GitHub repos. I also do a lot of research, or "try-out," work in my private repos and I only commit chunks of changes to GitHub when there is a finality to the work. Usually my commits follow my regular daily work schedule: work for 3-4 hours on something and then I "check it in." Thus I have about 3 commits a day for the morning, afternoon and evening sessions of my work days. I work 7 days a week. That has been my steady, disciplined work routine since my Dacia (Romania), Digital, and Fidelity, etc. days, i.e. since I first graduated."

11.3. "The focus of my current work is exclusively on Microsoft's wildly successful free and open-source Typescript compiler "modernizing/modularizing" effort, found in my https://github.com/quantapix/qnarre2/tree/master/semantiq/server/src/compiler subdirectory. I expect this "public workspace" to dramatically change before the October 1 release date. I am working on about 180,000 lines of licensed code. My proof is not being able to write this from scratch, as I am not 500+

- 4 -

**EXH000039**

Microsoft engineers over 8 years of steady software development."

11.4. "My proof is understanding the massive codebase well enough to be able to effectively "refactor" it without loosing performance. For reference, my Valto Systems Ejipt software, that I sold for $25M, was ~35,000 lines..."

12. Father continues his high-end professional efforts in a public, completely transparent, easily verifiable and, as the entire codebase is derived from Microsoft's strictly open source licensed efforts, in a guaranteed free manner.

13. As actions have consequences, the Family Court's decision to systemically and utterly invalidate Father and his life resulted in publicly rendering him a **"white slave,"** <u>with no rights afforded, forcefully constrained to a long-term house arrest, and with no health insurance allowed during a global pandemic</u>.

Signed under the penalties of perjury.

Dated: August 4, 2020.

Respectfully submitted,

/s/ Imre Kifor, Pro Se
2 Wyndcliff Dr.
Acton, MA 01720
I don't have a phone
ikifor@gmail.com

- 5 -

EXH000040

 Gmail                                                    Imre Kifor <ikifor@gmail.com>

---

## Fwd: Complaint submitted to the Massachusetts Attorney General's Office

---

**Imre Kifor** <ikifor@gmail.com>                                              Fri, Aug 7, 2020 at 10:56 AM
To: Barbara Duchesne <barbduchesne@gmail.com>, Cyndi Oulton <cynoulton@gmail.com>, "Xavier, Michael"
<mxavier@princelobel.com>, koslowsky Lauren <lkoslowsky@princelobel.com>
Cc: janet Quintess <quintessre@gmail.com>
Bcc: ofkifor@gmail.com, kati@artfulbeginnings.com

FYI - I used Ms. Qin's phone number in the complaint, as a phone number was requited but **I do not have one**. I will
make a note of this if the AGO contacts me regarding this complaint.


Begin forwarded message:

**From:** ago-complaint-submission@state.ma.us
**Subject: Complaint submitted to the Massachusetts Attorney General's Office**
**Date:** August 7, 2020 at 10:50:49 AM EDT
**To:** ikifor@gmail.com

Thank you for contacting the Civil Rights Division. We review each complaint submitted to us to
determine the best course of action. Although we will attempt to respond to your complaint as quickly as
possible, there may be a wait depending on the number of complaints that we receive. In addition,
depending on the nature of your complaint, we may request copies of documents and other relevant
information – but please do not send us additional information unless we ask you to do so.

Please note that we sometimes receive complaints that raise issues that generally are not handled by
our office or are better handled by another agency or organization. If that is the case, we will
recommend other resources.

In the meantime, more information about our division can be found at: http://www.mass.gov/ago/
bureaus/public-protection-and-advocacy/the-civil-rights-division/

---

📄 **AGO CONSUMER COMPLAINT - - PDF.pdf**
    212K

**EXH000041**

# Massachusetts Attorney General's Office | Consumer Complaint



## Before You File

The Massachusetts Attorney General's Office (AGO) attempts to resolve individual consumers' disputes with businesses, where appropriate.

Please be aware of the following:

While the Massachusetts Attorney General's Office (AGO) sometimes brings lawsuits for the Commonwealth to enforce consumer protection laws and in the public interest generally, the AGO does not represent individual consumers. Therefore, we cannot provide you with legal advice or act as your attorney. If you have any questions concerning your individual legal rights or responsibilities, you should contact a private attorney.

### Disclosure of Your Complaint

(1) The information you have submitted may be provided to the entity or individual you are complaining about in order to resolve your complaint. We may also provide your complaint and related information to other law enforcement and regulatory agencies.

(2) Some data concerning your complaint may be publicly posted on the AGO website, including the name of the entity or individual you complained about, the date the complaint was filed, and the town or city where you live.

(3) In most circumstances, your complaint, including any associated correspondence and documentation, is considered a public record in its entirety. As such, it will be made available to any member of the public who makes a public records request to our Office. There are certain exceptions to this rule: If your complaint concerns goods or services provided by insurance, healthcare, or financial services providers, or concerns civil rights, we generally will not disclose your name, address, phone number, email address, or any other identifying information in response to such a request.

## About Your Issue

### Complaint Type (Required)*
○ Healthcare and Health Insurance
○ Insurance, Banking, or Investment
○ Auto Sale, Loan, Lease, or Repair
○ Student Loan
○ Mortgage or Landlord/Tenant Dispute
◉ Discrimination or Civil Rights Violation
○ Telephone Scams, Robocalls, or Do Not Call List Violations
○ Other

If you have questions about this form, contact the our hotline at 617-963-2917 or 617-727-4765 TTY.

Criminal records-related complaints may also be submitted through this form.

## Discrimination or Civil Rights Violation Detail

**Type of Discrimination**
Other

**Explain:**
see my current emails to ago@state.ma.us from ikifor@gmail.com

**EXH000042**

Reason for discrimination (check all that apply):

☑ Age

☑ Race

☑ Ethnicity or National Origin

☑ Immigration Status

☐ Religion

☐ Gender/Sex (including Pregnancy)

☑ Gender Identity

☐ Sexual Orientation

☑ Familial Status/Parenthood

☐ Disability

☐ Criminal Record

☑ Public Assistance (eg. Section 8)

☐ Military/Veteran Status

☑ Retaliation for Complaint

## Complaint Against

Enter full name of the company, business or organization you are complaining about.

**Company or Entity Name (Required)** *
Middlesex Probate & Family Court

☐ This is an online business or I don't know the location

☐ This business address is outside the US

**Street Address**
208 Cambridge St.

**City**        **State**            **Zip Code**
Cambridge   Massachusetts   02141

**Phone (Optional)**

If you have additional information that could help us locate this organization, enter it below. Include additional company names, contacts, and/or locations.

**Additional Contact Information or Website (Optional)**

## Complaint Detail

**I am**
seeking assistance for myself

Include a full description of your complaint, including relevant dates and names.
**DO NOT** include your social security numbers, credit card numbers, or other private information.

**Complaint Summary (Required)** *
please see my multiple emails with detailed attachments, since June 30, 2017 up until August 4, 2020, sent to ago@state.ma.us from ikifor@gmail.com

**Desired Outcome or Resolution**
I need the AGO's help in mediating or resolving my complaint.

### Select all actions you have taken to address this issue (if any).

☑ I complained directly to the business or entity

☑ I previously contacted the Attorney General's Office

**Case Number (if Known)**
AGOFile #1058063

☑ I contacted another government agency, community organization, or consumer program

☑ I filed a police report

☐ I hired a lawyer or attorney to represent me

EXH000043

☑ I filed a case in court

☑ Other

**List names of staff members, agencies and details of previous actions (Required)** ˅
please see my multiple emails with detailed attachments, since June 30, 2017 up until August 4, 2020, sent to ago@state.ma.us from ikifor@gmail.com

## Your Contact Information

Enter information for the person completing this form (you) so that we may follow up with you about this issue.

**First Name (Required)** ˅  **Last Name (Required)** ˅
Imre                        Kifor

☐ I do not have a US address

**Street Address (Required)** ˅
2 Wyndcliff Dr.

**City (Required)** ˅   **State (Required)** ˅   **Zip Code (Required)** ˅
Acton               Massachusetts      01720

**Phone (Required)** ˅
978-761-9838

**Email (Optional)**
Given the COVID-19 public health emergency, our office is primarily operating remotely. We ask that you consider providing your email address to ease communication during this time.

If you provide your email address, you will receive a confirmation email after submitting this form with a copy of the completed complaint attached.
ikifor@gmail.com

☐ I am over 60 years old, or filing on behalf of a senior

☐ I am a U.S. Military Service Member or Veteran, or filing on behalf of a veteran

## Attachments (5)

Please attach any images or documents you may have that will help us evaluate your complaint.
AGO Intake Supporting Document - Intake #: - 8/7/2020 - CIVIL RIGHTS SUPPORTING DOCUMENTS
AGO Intake Supporting Document - Intake #: - 8/7/2020 - CIVIL RIGHTS SUPPORTING DOCUMENTS
AGO Intake Supporting Document - Intake #: - 8/7/2020 - CIVIL RIGHTS SUPPORTING DOCUMENTS
AGO Intake Supporting Document - Intake #: - 8/7/2020 - CIVIL RIGHTS SUPPORTING DOCUMENTS
AGO Intake Supporting Document - Intake #: - 8/7/2020 - CIVIL RIGHTS SUPPORTING DOCUMENTS

## Signature

☑ **By entering my name below, I certify that: (Required)** ˅

• The information I have provided is true and correct to the best of my knowledge;

• I have read and understand the disclaimers at the beginning of this form regarding the disclosure of information contained within this complaint.

**Type Full Name of the Person Submitting Form (Required)** ˅
Imre Kifor

**Date Submitted**
08/07/2020

EXH000044



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

August 10, 2020

Imre Kifor
2 Wyndcliff Drive
Acton, MA 01720

Dear Imre Kifor:

Thank you for contacting the Office of the Attorney General. Your complaint against Middlesex Probate & Family Court was received by the Civil Rights Division.

The Civil Rights Division receives a number of complaints on a daily basis from people across the Commonwealth. Each complaint is reviewed by the Civil Rights Division to determine the best course of action. In some instances, complaints raise issues that generally are not handled by this office, do not fall within our jurisdiction, or are more appropriately handled by another agency. While we are not able to take action in every matter that is brought to our attention, we do carefully review and maintain a record of all complaints.

Please be advised that after reviewing your complaint, the Civil Rights Division has decided not to further investigate or intervene in this matter at this time.

Should you wish to pursue this matter with a private attorney, you may obtain a referral from the Massachusetts Bar Association's Lawyer Referral Services by calling (617) 654-0400 or (866) 627-7577, or by visiting www.masslawhelp.com.

Thank you again for contacting the Office of the Attorney General.

Sincerely,

Civil Rights Division

EXH000046